IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM G. BECK and CHERYL A. BECK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VIGILANT INSURANCE COMPANY, ) | Case No.: 04:07-CV-657-HFS |
| ) | |
| and ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Federal Insurance Company and Vigilant Insurance Company, by and through counsel, for their Answer to plaintiffs' Petition, state as follows:

1. Defendants admit the allegations of paragraphs 1 and 2 of plaintiffs' Petition.

2. In response to paragraph 3, defendants admit that Federal is an Indiana Corporation and is in the business of writing insurance policies, but that it is not the writing company of this policy. Defendants further admit that Chubb & Son, a division of Federal Insurance Company, is the claims manager for Vigilant, the writing company for this policy, and that its employees had the authority to make the coverage denial decision on this claim. Defendants are without sufficient information to either affirm or deny the remaining allegations of paragraph 3 of plaintiffs' Petition, and accordingly deny same.

3. In response to paragraph 4, defendants admit that Vigilant Insurance Company is the writing company for this policy, and that the plaintiffs purchased the policy through a Kansas City, Missouri insurance broker or agent. Defendants are without

sufficient information to either affirm or deny the remaining allegations of paragraph 4 of plaintiffs' Petition, and accordingly deny same.

4. In response to paragraph 5, defendants admit that the policy insured property located on Possum Trot Road in Stover, Missouri, including a lake home and dock, pursuant to the terms of the policy, which speak for themselves. Defendants are without sufficient information to either affirm or deny the remaining allegations of paragraph 5 of plaintiffs' Petition, and accordingly deny same.

5. Defendants are without sufficient information to either affirm or deny the allegations of paragraph 6 of plaintiffs' Petition, and accordingly deny same.

6. In response to paragraph 7, defendants admit that plaintiffs notified Vigilant of the loss, but are without sufficient information to either affirm or deny the remaining allegations of paragraph 7 of plaintiffs' Petition, and accordingly deny same.

7. In response to paragraph 8, defendants admit that Gordon Marston investigated the loss on behalf of Vigilant, but deny the remaining allegations of paragraph 8 of plaintiffs' Petition.

8. In response to paragraph 9, defendants admit that Mr. Marston inspected the damaged dock, and upon reliance upon plaintiffs' stated cause of loss, wrote a letter to plaintiffs of March 21, 2007, but deny the remaining allegations of paragraph 9 of plaintiffs' Petition.

9. Defendants deny the allegations of paragraphs 10 and 11 of plaintiffs' Petition.

10. In response to paragraph 12, defendants admit that Mr. Marston wrote plaintiffs a letter on behalf of Vigilant on March 21, 2007, the terms of which speak for

themselves, and that the letter is attached as Exhibit B, but deny the remaining allegations of paragraph 12 of plaintiffs' Petition.

11. In response to paragraph 13, defendants admit that the policy contains the exclusion that is partially set forth in paragraph 13, and that said policy speaks for itself, but deny the remaining allegations of paragraph 13 of plaintiffs' Petition.

12. In response to paragraph 14, defendants deny that the loss was not caused by freezing or thawing, and are without sufficient information to either affirm or deny the remaining allegations of paragraph 14 of plaintiffs' Petition, and accordingly deny same.

13. Defendants deny the allegations of paragraph 15 of plaintiffs' Petition.

14. In response to paragraph 16, defendants deny that the loss was not caused by the pressure of water or ice, and are without sufficient information to either affirm or deny the remaining allegations of paragraph 16 of plaintiffs' Petition, and accordingly deny same.

15. Defendants deny the allegations of paragraph 17 of plaintiffs' Petition.

16. In response to paragraph 18, defendants deny that the loss was not caused by the weight of water or ice, and are without sufficient information to either affirm or deny the remaining allegations of paragraph 18 of plaintiffs' Petition, and accordingly deny same.

17. Defendants deny the allegations of paragraph 19 of plaintiffs' Petition.

18. Defendants are without sufficient information to either affirm or deny the allegations of paragraphs 20 and 21 of plaintiffs' Petition, and accordingly deny same.

19. Defendants deny the allegations of paragraphs 22, 23, 24, 25, 26 and 27 of plaintiffs' Petition.

20. Defendants are without sufficient information to either affirm or deny the allegations of paragraphs 28 and 29, including subparts (A) and (B) of plaintiffs' Petition, and accordingly deny same.

21. Plaintiffs' Petition fails to state a claim or cause of action upon which relief can be granted against defendants and should accordingly be dismissed.

22. Plaintiffs' claims are barred by the policy's provisions and applicable exclusions, including: Water damage to outside structures. We do not cover certain kinds of loss to a fence, pavement, patio, swimming pool, hot tub, septic system, foundation, retaining wall, bulkhead, pier, wharf, dock, or bridge. These are losses caused by freezing, thawing, or the pressure or weight of water or ice, even if the water or ice is driven by wind. But we do insure ensuing covered loss unless another exclusion applies. The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.

WHEREFORE, having answered plaintiffs' Petition, defendants move for Judgment in their favor, for their costs herein incurred and for such further relief as the Court deems just and appropriate.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

/s/ John E. Franke
8900 Ward Parkway
Kansas City, MO 64101
(816) 421-7100; Fax 421-7915
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF MAILING
A copy of the above and foregoing was sent
via first-class mail, postage prepaid, this
10th day of September, 2007 to:

Nicole S. Fitzhugh
William G. Beck
LATHROP & GAGE, L.C.
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108
ATTORNEYS FOR PLAINTIFFS


　/s/ John E. Franke
Attorney for Defendants